UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS BAYNE, )<br>)<br>　　　　Petitioner, )<br>)<br>v. )<br>)<br>JACKSON COUNTY CORRECTIONS, )<br>)<br>　　　　Respondent. ) | 2:25-cv-00305-JAW |

**ORDER ON RECOMMENDED DECISION**

On June 12, 2025, Thomas Bayne, acting pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging he has been denied access to the law library at the Kansas City Detention Center in Kansas City, Missouri, where he is currently detained. *Pet.* (ECF No. 1). On July 1, 2025, a United States Magistrate Judge issued a recommended decision on Mr. Bayne's petition, recommending that the Court determine it lacks jurisdiction over a habeas petition filed by an individual incarcerated outside the District of Maine at the time he filed his petition and accordingly order the case transferred to the Western District of Missouri, where Mr. Bayne is incarcerated. *Recommended Decision After Rev. of Pet.* At 1-3 (ECF No. 2) (*Rec. Dec.*). Because the Magistrate Judge reviewed Mr. Bayne's petition under 28 U.S.C. § 636(b)(1)(B), Mr. Bayne had a right to de novo review by the district judge upon filing an objection within fourteen days of being served. 28 U.S.C. § 636(b)(1)(C). However, Mr. Bayne did not file an objection.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. After de novo review, the Court affirms the

Recommended Decision of the Magistrate Judge and orders that this case be transferred to the Western District of Missouri, where venue is proper. As the Magistrate Judge correctly observes, it is black letter law that "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rec. Dec.* at 2 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (in turn quoting 28 U.S.C. §2241(a))). In accordance with this clear precedent, and the plain language of the habeas statute, the Magistrate Judge's determination that venue is improper in Maine is unarguable. *See Padilla*, 542 U.S. at 442; 28 U.S.C. §2241(a).

The Court also agrees with the Magistrate Judge that transfer to the Western District of Missouri, where the Petitioner is currently held, is preferrable to dismissal, to effectuate a just and efficient resolution of this case on its merits. *See Rec. Dec.* at 3 (citing *Tham v. Adducci*, 319 F. Supp. 3d 574, 578 (D. Mass. 2018) ("there is a rebuttable presumption in favor of transferring a case instead of dismissing it") (in turn citing *Britell v. United States*, 318 F.3d 70, 73-74 (1st Cir. 2003))).

Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court AFFIRMS the Recommended Decision After Review of Petition (ECF No. 2), and ORDERS that Thomas Bayne's Petition (ECF No. 1) be TRANSFERRED to the Western District of Missouri.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2025